*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0041P (6th Cir.)
File Name: 02a0041p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

F.R.C. INTERNATIONAL, INC.,
    *Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,
    *Defendant-Appellee.*

No. 98-4444

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 98-07263—James G. Carr, District Judge.

Argued: December 5, 2001

Decided and Filed: January 30, 2002

Before: KENNEDY, MOORE, and COLE, Circuit Judges.

————————

## COUNSEL

**ARGUED:** John J. McHugh III, McHUGH, DeNUNE & McCARTHY, Sylvania, Ohio, for Appellant. Teresa T. Milton, UNITED STATES DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., for Appellee. **ON BRIEF:** John J. McHugh III, McHUGH, DeNUNE & McCARTHY, Sylvania, Ohio, for Appellant. Teresa T. Milton, Ann B. Durney, UNITED STATES

1

DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., for Appellee.

––––––––––––––––

## OPINION

––––––––––––––––

KENNEDY, Circuit Judge.  Plaintiff taxpayer appeals the district court's  judgment on the pleadings in this case concerning an excise tax dispute arising under § 4681(a) of the Internal Revenue Code.  Plaintiff purchased Halon-1211, an Ozone-Depleting Chemical ("ODC"), from the Peoples' Republic of China, and, after some testing and processing, sold the gas to domestic users (Halon-1211 is an effective fire retardant).  Halon, along with other ODCs, is subject to a federal excise tax.  After receiving notice of tax due, plaintiff paid taxes, penalties and interest for the fourth quarter of 1994, and filed a complaint in the district court seeking a refund.  Plaintiff claimed that its sale of Halon-1211 was exempt under two provisions: 26 U.S.C. § 4682(d)(1), which exempts ODCs "recovered and recycled in the United States," and Treas. Reg. § 52.4682-1(b)(2)(iii), which exempts "mixtures" of ODCs and other elements under some conditions.  The district court found that neither of these exemptions applied, even assuming all facts favorable to the plaintiff.

We agree that FRC is not entitled to an exemption, and affirm the judgment for the United States.

## I.  FACTS

Taxpayer FRC International, Inc., imported 27,300 pounds of Halon-1211 from the Republic of China in June, 1994. Halon-1211 is an ozone-depleting gas generally subject to tax under I.R.C. § 4681, which was adopted pursuant to America's obligations under the Montreal Protocol, an international agreement aimed at reducing use of ODCs. FRC purchased the imported halon from the Zhejiang Chemical Industry Research Institute, which had removed Halon-1211

the "mixture" exemption applies only to mixtures created within the United States.

Imported taxable products, in contrast, are subject to tax when first sold or used in the Treas. Reg. § 52.4682-3.  Thus, they are subject to tax even if produced abroad prior to the effective date of I.R.C. § 4681.

The district court rejected taxpayer's claim for the mixture exemption on slightly different grounds, finding that mixtures created before January 1, 1990 are taxable on sale or use (or at creation, subject to election by the taxpayer) and that this was an "ODC Mixture."  We affirm the court's decision for a different reason than the one offered by the court,[4] because we find the sale taxable under the "imported taxable product" provision.

For the foregoing reasons, the district court's judgment is affirmed.

––––––––––––––––

[4] We are free to do so if the record supports our reasoning.  *See American Eagle Fire Ins. Co. v. Gayle*, 108 F.2d 116, 117 (6th Cir. 1939).

submitted by FRC: "When . . . conclusions of law appear in an affidavit . . . the extraneous material should be disregarded, and only the facts considered." *A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118, 121 (6th Cir. 1981). *See also Adair v. Kopers Co.*, 741 F.2d 111, 114 (6th Cir. 1984).

We agree with the district court that the recovery exemption does not apply to the sale of the halon in question.

### B.  "MIXTURE" EXEMPTION

FRC's second argument is that it is entitled to an exemption under a rule governing the taxation of chemical "mixtures" found in Treas. Reg. § 52.4682-1(b)(2)(iii).  This provision provides that mixtures should be taxed when created and not upon subsequent sale or use, and Treas. Reg. § 52.4682-1(b)(2)(ii)(B) exempts mixtures created before the effective date of I.R.C. § 4681.  FRC argues that because the taxed "mixture" was "created" prior to 1990 (according to its assertions), it should be exempt from tax under § 4681.

Even assuming FRC's version of the facts,[3] the halon sale remains taxable as a sale of "imported taxable products," defined under 26 U.S.C. § 4682(c)(1) as "any product (other than an ozone-depleting chemical) entered into the United States for consumption, use, or warehousing if any ozone-depleting chemical was used as a material in the manufacture or production of such product."  As the Government points out, the terms "ozone-depleting chemical" and "imported taxable product" are exclusive.  If a mixture was created on foreign soil, it is an imported taxable product for tax purposes and is not entitled to the "mixture" classification. Effectively,

---

[3]For the sake of this appeal, it is not necessary to resolve the question of whether the halon in question is actually a mixture.  This is something that would be open to serious dispute, as the nitrogen was inserted into the tanks as a propellant, rather than as something that was "mixed" with the halon.

from fire extinguishers while servicing the equipment.  The Institute placed the substance in containment vessels for shipment to the United States.  According to the Institute, the Halon-1211 was "produced prior to January 1, 1989," and was "recovered in the pilot plant of our institute as defined by the Montreal Protocol Decision IV/24."  App. at 175.

FRC received the halon in shipping containers.  Prior to sale, it tested the Halon-1211 for contamination, removed it from the containers, tested it again, filtered the halon, and tested it once more.  FRC then sold the Halon-1211 to customers in the United States as recycled halon.

FRC did not file excise tax returns for its sales of halon during the fourth quarter of 1994.  In November, 1997, the IRS notified the taxpayer that excise taxes amounting to $20,201 were due for that period, along with interest, a penalty for late filing and a penalty for failing to make tax deposits.  FRC paid the taxes and penalties and claimed a refund, which the IRS disallowed.  FRC filed its complaint in the district court for a refund of taxes, penalties and interest.

The Government filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  The District Court stated that because both parties relied on material outside of the pleadings, including an affidavit by the company's president stating that the halon was "recovered" in the United States and describing its history, the court was converting the motion to one for summary judgment (under Fed. R. Civ. P. 56). App. at 207.  The District Court granted judgment for the United States.

### II.  ANALYSIS

Although the parties refer to the judgment as a judgment on the pleadings under Fed. R. Civ. P. 12(c), judgment under that rule was technically unavailable because the government had not filed an answer and thus the pleadings were not closed as required by the rule.  However, since the District Court stated it was treating the motion as a motion for summary judgment, our standard of review is the same whether plaintiff failed to

state a claim under Fed. R. Civ. P. 12(b)(6) as enlarged by 12(c) or failed to state a claim under Rule 56. We treat this appeal as one from summary judgment under Rule 56. On appeal, we review a motion for summary judgment *de novo*, using the same standard under Rule 56 as the lower court. *In Re Morris*, 260 F.3d 654, 664 (6th Cir. 2001). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Morris*, 260 F.3d at 664.

## A.  "RECOVERY" EXEMPTION

Plaintiff acknowledges that the tax is due unless the sale comes under one of the exemptions. FRC's first claimed exemption is under 26 U.S.C. § 4682(d)(1), which exempts from tax ODCs "diverted or recovered in the United States as part of a recycling process (and not as part of the original manufacturing or production process)."[1] FRC submitted an affidavit to the district court of its company president stating: "The Halon-1211 imported by FRC in 1994 was recovered in the United States as part of a recycling process." App. at 169. FRC points to its removal of the Halon-1211 from shipping containers upon the halon's arrival in the United States as constituting "recovery." The plaintiff referred the district court to the Montreal Protocol for a definition of "recovery."

The accepted definition of "recovery" among the parties to the Protocol was the "collection and storage of controlled substances from machinery, equipment, containment vessels, etc., during servicing or prior to disposal."[2]  In the district

---

[1] This exemption was adopted to encourage the recovery and recycling of Ozone-Depleting Chemicals.

[2] This definition is reported in the *Report of the Fourth Meeting of the Parties to the Montreal Protocol on Substances that Deplete the Ozone Layer*, Copenhagen, 23-25 November 1992. The Report may be accessed

court's view, the removal (in China) of the halon from fire extinguishers by the Institute constituted its "recovery." Because the removal of the Halon-1211 from its shipping containers in the United States after its arrival from China did not occur during servicing of machinery or in anticipation of disposal, FRC did not "recover" the halon in the United States. Recovery, the district court held, "means more than removal of halon from a storage tank." App. at 209.

On appeal, FRC argues that the district court should not have granted judgment for the United States because the affidavit of its president stating that it recovered Halon-1211 in the United States constituted "competent proof" of that fact. Br. at 17. FRC characterizes the district court's holding as a "factual finding" of what "did and did not constitute a recovery," Br. at 17.

We agree with the Government that FRC's assertion that it recovered halon in the United States "is not a 'fact' that is amenable to proof by sworn statement." Br. at 10. Rather, it is a question "concerning the application or interpretation of law," Black's Law Dictionary (7th Ed. 1999), which is reserved for the judge. The Government did not dispute for the sake of its motion that the company retrieved the gas from storage tanks and tested it as its president described. However, it argued that even under those factual circumstances, FRC did not engage in domestic recovery under the Montreal Protocol definition of "recovery." The Company has not alleged that it was removing halon from the storage tanks so that it could dispose of or repair the tanks or the gas. Rather, it was removing the gas from the tanks to sell the gas. That the Company's president would reach a different *legal* conclusion than the district court is not sufficient to defeat a motion for summary judgment.

It is well settled that courts should disregard conclusions of law (or "ultimate fact") found in affidavits like the one

---

at www.unep.org/unep/secretar/ozone/4mop_cph.htm.