NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0229n.06

No. 22-1805

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOSE ANTUNES,

      Plaintiff-Appellant,

v.

GERDAU MACSTEEL, INC., et al.,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

FILED
May 16, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

Before: BOGGS, LARSEN, and NALBANDIAN, Circuit Judges.

BOGGS, Circuit Judge. Jose Antunes worked for Gerdau MacSteel, Inc. ("MacSteel"). After MacSteel fired Antunes, Antunes sued, alleging breach of contract and employment discrimination under state and federal law. He claimed that MacSteel discriminated against him based on his age, alienage, national origin, and sex. The district court granted MacSteel's motion for summary judgment in full. Antunes appeals, and we affirm.

Antunes has waived any challenge to the district court's disposition of his alienage and national-origin claims because his briefs advert to these issues "in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Doe v. Mich. State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021) (citation omitted). As to his remaining claims,[1] after careful review of the record, the applicable law, and the parties' briefs, we are convinced that the district court did not

---

[1] In discussing Antunes's claims of alienage and national-origin discrimination, the district court suggested that private alienage discrimination might not violate 42 U.S.C. § 1981. We have not ruled on the issue, *see Rodrigues v. Martin Marietta Corp.*, 829 F.2d 39, 1987 WL 44766, at *2 (6th Cir. 1987) (per curiam) (unpublished table decision), and do not do so in this case.

err and that the opinion issued by the district court thoroughly addresses the issues presented. Thus, issuing a full written opinion would serve no useful purpose. Accordingly, we affirm the district court's judgment and adopt the reasoning of its Opinion & Order dated August 24, 2022, with one exception.

The district court did not fully explain its decision to strike all but four paragraphs of an affidavit that Antunes submitted in response to MacSteel's motion for summary judgment. The court found that the excluded material contradicted Antunes's prior testimony, contained conclusions of law and ultimate fact, and was not made on personal knowledge. However, while the district court correctly excluded most of the affidavit, it also excluded some admissible material.

We review the decision to strike portions of an affidavit for abuse of discretion. *Johnson v. Ford Motor Co.*, 13 F.4th 493, 500 (6th Cir. 2021). However, we need reverse only if the district court's error was a necessary basis for the grant of summary judgment. *See Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (considering harmless any error in district court's decision to strike entire affidavit, rather than only inadmissible portions, because excluded portions were cumulative of deposition testimony); *Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) (applying harmless-error analysis to district court's failure to exclude inadmissible material).

An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Conclusions of law or ultimate fact are not facts and should be disregarded. *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002). An affiant lacks personal knowledge of information obtained from the

depositions of others or during discovery. *Stipkala v. Am. Red Cross*, 215 F.3d 1327, 2000 WL 712378, at *6 (6th Cir. 2000) (per curiam) (unpublished table decision).

Moreover, a party opposing summary judgment may not submit an affidavit that contradicts its earlier sworn testimony. *France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016). This court takes a "relatively narrow" view of what counts as contradiction. *Reich v. City of Elizabethtown*, 945 F.3d 968, 976 (6th Cir. 2019) (quoting *Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006)). If a deponent is not directly questioned about an issue, a later affidavit may "fill[] a gap left open by the moving party." *Ibid.* (quoting *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006)). But if a deponent is "asked specific questions about, yet denie[s] knowledge of, the material aspects of her case, the material allegations in her affidavit directly contradict her deposition." *Ibid.* (alteration in original) (quoting *Powell-Pickett v. A.K. Steel Corp.*, 549 F. App'x 347, 353 (6th Cir. 2013)).

Finally, if the district court can distinguish between facts alleged on personal knowledge and improper material, it must admit the former and strike the latter. *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015); *F.R.C. Int'l, Inc.*, 278 F.3d at 643. The court "should use a scalpel, not a butcher knife." *Johnson v. Donahoe*, 642 F. App'x 599, 602 (6th Cir. 2016) (quoting *Upshaw*, 576 F.3d at 593) (cleaned up).

Antunes's opening brief argues only that he was not required, in his affidavit, to present evidence in admissible form and that his affidavit does not contradict his deposition testimony. Because Antunes waited until his reply brief to identify any specific paragraph that the district court should have admitted, we deem waived any challenge to the district court's ruling as to admissibility. *Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012). But Antunes is correct that the one purported contradiction that the district court identified does not justify the district court's

decision to strike the offending paragraph. Since Antunes raised this contradiction in his opening brief, we consider it here.

At his deposition, Antunes was asked about MacSteel's offer of a voluntary-separation package. When asked about the meeting at which MacSteel offered Antunes and other employees the package, Antunes testified that he "wasn't paying much attention" because he never considered accepting. He also testified that he put the written offer in his desk and forgot about it. In his affidavit, by contrast, Antunes stated that he believed that MacSteel had offered him voluntary separation because MacSteel intended to fire him and hoped that he would accept. Since Antunes was not questioned at his deposition about any conclusions that he drew from MacSteel's offer, his affidavit filled a gap left open by MacSteel. Nor does Antunes's deposition testimony that he forgot about the written offer necessarily contradict his later claim that he believed that MacSteel wanted to fire him when he received the offer. This portion of Antunes's affidavit thus does not satisfy our "relatively narrow definition of contradiction." *Reich*, 945 F.3d at 976 (quoting *Briggs*, 463 F.3d at 513).

Moreover, although Antunes did not raise the issue until his reply brief, the district court also abused its discretion in striking other portions of his affidavit that were admissible. For example, the district court struck a paragraph that detailed to whom Antunes reported at MacSteel. This was clearly information based on Antunes's personal knowledge. Simply put, the district court abused its discretion because it merely gave examples of certain inadmissible material rather than specifically delineating which portions of the affidavit it was excluding and why. *See Brainard*, 432 F.3d at 667. If a district court cannot distinguish between admissible and inadmissible portions of an affidavit, it must strike the affidavit in its entirety. *See Ondo*, 795 F.3d at 605. But if the court strikes some portions of an affidavit and retains others, it must explain itself.

That said, any error that the district court committed here was harmless. Most of the excluded paragraphs were manifestly not based on personal knowledge since they referred to information that Antunes obtained during discovery. Other parts of the affidavit, especially sections that discuss MacSteel's decision not to hire Antunes for a new controller position, contained legal conclusions and speculation. And those few paragraphs that the district court improperly excluded duplicated other evidence in the summary-judgment record that the district considered in its ruling.

We therefore **AFFIRM** the judgment of the district court and adopt its opinion, with the above addition, as the opinion of this court.[2]

---

[2] After the district court issued its opinion, we decided *Levine v. DeJoy*, 64 F.4th 789 (6th Cir. 2023). In that case, we reversed a grant of summary judgment in an employment-discrimination case that hinged on the plaintiff's relative qualifications. *Id.* at 803. We reasoned that the plaintiff could raise a triable issue as to pretext because she had provided evidence that she was "arguably more qualified" than the successful candidate. *Id.* at 798. But we also reaffirmed our rule that, to survive summary judgment on this basis, an employee must create a triable issue that he is "significantly better qualified," *id.* at 798–99, 801, and explained that our use of the word "arguably" simply referred to the summary-judgment standard, *id.* at 801 n.8. *But see id.* at 803 (Thapar, J., dissenting) (arguing that the majority in *Levine* changed the applicable standard from "plainly" to "arguably" superior). Here, the district court held, based on the evidence, that there was no genuine issue that Antunes was a "plainly superior" candidate for promotion. It follows that no reasonable jury could conclude that he was "significantly better qualified," either.